# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

STEVEN TAD MIKKO,

        Plaintiff,                        Case Number: 2:10-CV-12845

v.                                         HON. DENISE PAGE HOOD

TED M. SMOCK, ET AL.,

        Defendants.
_____/

## ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND SUMMARILY DISMISSING COMPLAINT

Plaintiff, Steven Tad Mikko, currently confined at the Thumb Correctional Facility in Lapeer, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has requested that he be permitted to proceed *in forma pauperis* in this case. See 28 U.S.C. § 1915(a)(1) (1996). For the reasons stated below, the Court will deny Plaintiff leave to proceed *in forma pauperis* and will dismiss the complaint pursuant to 28 U.S.C. § 1915(g).

Plaintiff's complaint alleges that the defendants, all corrections officers employed by the Michigan Department of Corrections, violated his Eight Amendment right to be free from cruel and unusual punishment by their deliberate indifference to his medical needs. He alleges that, on September 23, 2008, corrections officers used chemical agents to subdue a prisoner in a cell adjacent to Plaintiff's. Plaintiff states that he suffered a severe reaction to the chemical agents causing him to vomit, cough violently, and, eventually, to lose consciousness. He alleges that defendant Smock looked into his cell while he was in distress, heard his request for help, and ignored the request. Plaintiff alleges that defendant Fair similarly ignored his request for

medical assistance. Plaintiff was eventually seen by a nurse who administered a breathing treatment and monitored his vital signs. He was then returned to his cell. Three hours later, he again had difficulty breathing. Defendant Berthiamue advised Plaintiff that no nurses were on-site, but he would make certain Plaintiff was seen in the morning. Plaintiff claims that defendant Berthiamue failed to ensure that he was seen by health care staff in the morning. Plaintiff was not seen by medical staff until five days later. He was not provided with any medication or treatments at that time.

According to Plaintiff, on October 1, 2008, chemical agents were again used in the cell block. Plaintiff requested medical treatment because he had difficulty breathing, severe coughing and abdominal pain. He was seen by medical staff four days later, who advised him that his abdominal pain was not a hernia. Ultimately, on November 3, 2008, he was examined by a doctor who confirmed that his abdominal pain was due to a hernia likely caused by prolonged and aggravated coughing. The doctor also advised Plaintiff that he heard audible changes in Plaintiff's lungs. Plaintiff's hernia was surgically repaired on March 7, 2009. Plaintiff seeks monetary damages.

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner is prevented from proceeding *in forma pauperis* in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

42 U.S.C. § 1915(g).

In short, this "three strikes" provision allows the Court to dismiss a case where the prisoner seeks to proceed *in forma pauperis*, if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g) (1996); *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."). Plaintiff has filed at least three prior civil rights complaints which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Mikko v. Corrigan*, No. 1:04-cv-453 (W.D. Mich. Aug. 13, 2004); *Mikko v. Corrigan*, No. 2:04-cv-71192 (E.D. Mich. July 1, 2004); *Mikko v. Crysler*, No. 1:04-cv-247 (W.D. Mich. June 28, 2004); *Mikko v. Chrysler*, No. 2:04-cv-71157 (E.D. Mich. April 1, 2004).

A plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To establish that his complaint falls within imminent danger exception to the three strikes rule, "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, No. 06-4472, 290 F. App'x 796, 797 (6th Cir. Aug. 20, 2008) (internal quotation omitted). *Accord Malik v. McGinnis*, 293 F.3d 559, 562 (2d Cir. 2002) (holding that imminent danger exception requires that the danger exist at time complaint is filed); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger);

3

*Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (past body cavity searches failed to establish imminent danger of serious physical injury); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999) (allegation of past physical injury is insufficient to meet statutory exception).

In this case, Plaintiff's claims involve actions that occurred in the past. He does not allege that the deliberate indifference is continuing. Allegations that a prisoner has faced imminent danger in the past are insufficient to trigger the exception under § 1915(g).

Accordingly, **IT IS ORDERED** that Plaintiff's request to proceed *in forma pauperis* is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. Should Plaintiff wish to pursue the allegations contained in his complaint, he must submit payment of the $350.00 filing fee within 30 days. Upon receipt of the filing fee, the Court will re-open the case and review the complaint to determine whether it should be served or should be summarily dismissed under 28 U.S.C. § 1915A(b).

                                                   S/Denise Page Hood
                                                   Denise Page Hood
                                                   United States District Judge

Dated: July 30, 2010

     I hereby certify that a copy of the foregoing document was served upon Steven Mikko, Reg. No. 194406, Thumb Correctional Facility, 3225 John Conley Drive, Lapeer, MI 48446 on July 30, 2010, by electronic and/or ordinary mail.

                                                   S/William F. Lewis
                                                 Case Manager