UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN MIKKO #164406,

       Plaintiff,                     Case No. 2:10-cv-12845
                                            HONORABLE DENISE PAGE HOOD

vs.

TED SMOCK, *et al.*,

       Defendants.
_____/

## ORDER ACCEPTING IN PART AND REJECTING IN PART
## REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge David R. Grand's Report and Recommendation filed March 7, 2012 **[Doc. No. 50]** on Defendants Ted M. Smock and Antoine S. Fair's Motion for Summary Judgment **[Doc. No. 21]** and Defendant Darwin Berthiaume's Motion for Summary Judgment **[Doc. No. 44]**. Timely Objections have been filed by Plaintiff **[Doc. No. 54]** and Defendants **[Doc. No. 52]**.

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id.*

After review of the Magistrate Judge's Report and Recommendation, the Court finds that his findings and conclusions are correct in part and incorrect in part. The Court agrees with the Magistrate Judge that summary judgment be granted for all Defendants with respect to the October 1, 2008 incident because Plaintiff has failed to show that Defendants were personally involved.

1

As to the September 23, 2008 incident, the Court agrees with Magistrate Judge Grand that Defendants Smock and Fair's motion for summary judgment be denied as to Plaintiff's deliberate indifference claim. The Magistrate Judge correctly notes the two-prong test required to sustain a deliberate indifference claim which Plaintiff and Defendants have argued to the Court. Despite Defendants' objections that Plaintiff has no evidentiary support for his claims on the subjective prong of this test, the facts provided do establish a material question of fact. The Court agrees that summary judgment be denied.

The Court also agrees with the Magistrate Judge that Defendants Smock and Fair's motion for summary judgment be denied on the grounds of qualified immunity. Plaintiff's Eighth Amendment right is the heart of this matter and the Court agrees that a material of question of fact exists. Plaintiff's claim falls within the constitutional rights exception to defendants' qualified immunity.

As to Defendant Berthiaume, the Court agrees with the Magistrate Judge that his motion for summary judgment on failure to exhaust administrative remedies be denied since Plaintiff's Step I Prison Grievance adequately provided notice to Defendant even without listing his name. However, the Court disagrees with the Magistrate Judge that Defendant Berthiaume is entitled to summary judgment on Plaintiff's cruel and unusual punishment claim. Under a conditions of confinement claim, plaintiff must satisfy an objective and subjective component. To satisfy the objective component, plaintiff must show that "the deprivation alleged is, objectively, 'sufficiently serious.'" *Flint v. Kentucky Dep't of Corr*. 270 F.3d 340, 352 (6th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). While parties disagree over the seriousness of Plaintiff's ailments, a question of material fact does exist on this issue.

To satisfy the subjective component, plaintiff must show "the prison official had a sufficiently culpable state of mind." *Id*. The Magistrate Judge recommends that Plaintiff cannot meet this prong because Plaintiff cannot show that Defendant Berthiaume had the requisite culpable state of mind. The Magistrate Judge points out that Plaintiff was unaware of Defendant Berthiaume's identity at the time he filed his initial grievance, but rather alleged that *the person who used the chemicals without turning off the ventilation system did so "deliberately"*. The Magistrate Judge reasons that without knowing the identity of this person at that time, Plaintiff's claim is nothing more than speculative theory as to Berthiaume's intent. The Magistrate Judge further reports that no evidence suggests that Berthiaume acted with the intention of harming Plaintiff.

This Court disagrees with this analysis. First, Plaintiff, not knowing Berthiaume's identity at the time the chemical agent was dispersed, does not speak to Berthiaume's state of mind. Secondly, Berthiaume's act of failing to power down the ventilation system and spraying a chemical agent coupled with his experience in this practice infers that he may have possessed a culpable state of mind. The Sixth Circuit provides, "A sufficiently culpable state of mind is one of 'deliberate indifference' to inmate health and safety." *Flint*, 270 F.3d at 352. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety." *Farmer,* 511 U.S. at 825. The facts centering on his experience and the practice itself are enough to create a material question of fact as to whether there was an excessive risk to Plaintiff's health and safety and whether Berthiaume disregarded the risk.

Plaintiff asserts in his Objections to the Report and Recommendation that he alleged a failure to protect claim, not a conditions of confinement claim as it was analyzed by the

3

Magistrate Judge. This Court agrees. Plaintiff's Complaint reads, "Defendant Berthiaume's *failure to protect* plaintiff violated the ban on cruel and unusual punishment in the Eighth Amendment to the U.S. constitution." (emphasis added). "Officials are liable for a failure to protect when 1) it is shown the inmate is incarcerated under conditions posing an objectively substantial risk of harm and 2) there is a subjective showing of deliberate indifference to the inmate's health or safety." *Lawrence v. Bowersox,* 297 F.3d 727, 731 (8th Cir. 2002) (citing *Farmer,* 511 U.S. at 834). The analysis regarding the objective risk of harm remains the same as in the conditions of confinement analysis where a material issue of fact exists on the seriousness of Plaintiff's injuries. Because the Sixth Circuit has enumerated deliberate indifference as satisfying the culpable state of mind requirement in conditions of confinement cases, the analysis remains the same for the subjective component as well and this Court finds a material question of fact exists on Defendant Berthiaume's subjective intent.

Accordingly,

IT IS ORDERED that Magistrate Judge David R. Grand's March 7, 2012 Report and Recommendation **[Doc. No. 50]** is ACCEPTED IN PART and REJECTED IN PART as more fully set forth above.

IT IS FURTHER ORDERED that Defendants Smock and Fair's Motion for Summary Judgment **[Doc. No. 21]** is GRANTED as to any claims arising out of the October 1, 2008 incident alleged in Plaintiff's Amended Complaint, but DENIED as to the Eighth Amendment claim relating to the September 23, 2008 incident.

IT IS FURTHER ORDERED that Defendant Berthiaume's Motion for Summary Judgment **[Doc. No. 44]** is DENIED.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated:  March 30, 2012

I hereby certify that a copy of the foregoing document was served upon Steven Mikko #164406, Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036 and counsel of record on March 30, 2012, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager