UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN TAD MIKKO, #164406,

                Plaintiff,            Case No. 10-12845
                                             Honorable Denise Page Hood
           v.                               Magistrate Judge David R. Grand

TED M. SMOCK, *et al.*,

                Defendants.
_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [98]**

      Before the court is Plaintiff Steven Mikko's Motion for Preliminary Injunction, filed on November 13, 2012. (Doc. #98). Defendants filed a response to this Motion on November 21, 2012 (Doc. #101). No reply was filed.

**A.    Background**

      In his First Amended Complaint, Plaintiff alleges that he suffered physical injuries as a result of Defendants' alleged deliberate indifference arising out of an incident on September 23, 2008, when prison guards sprayed chemical agents into the cell next to Plaintiff's. More specifically, Plaintiff asserts that Defendants were deliberately indifferent in allegedly allowing his continued exposure to the chemical agents and failing to seek prompt treatment for his alleged serious medical needs. Plaintiff alleges that, as a result of Defendants' actions, he experienced difficulty breathing, severe coughing, and abdominal pain, and subsequently was diagnosed with a hernia, which needed to be surgically repaired. (Doc. #33).

      On October 10, 2012, Plaintiff filed a motion to compel (Doc. #93), arguing that Defendants had failed or refused to produce certain documents during the course of discovery. For purposes of the instant motion, the relevant request in Plaintiff's motion to compel was

Plaintiff's Request No. 1, which sought "an alphabetical or numerical index of the prisoner population at the Standish Maximum Correctional Facility (SMF) on September 23, 2008." (*Id.* at 3). Although Defendants had objected to production of this document on the basis that the requested document did not exist, Plaintiff attached as Exhibit 4 to his motion to compel "a page from just such an index for the Lakeland Correctional Facility (LCF) where Plaintiff is presently housed" as purported proof that such lists did, in fact, exist. (*Id.* at 3, Ex. 4). In their response to Plaintiff's motion, Defendants again objected to production of the requested document on the basis that it is not required to be maintained and no longer exists. (Doc. #95 at 4-5). Defendants further asserted that Plaintiff's "Exhibit 4 is considered contraband and should not be in [his] possession because it contains the names, numbers, and risk assessment information of fellow prisoners." (*Id.* at 5). On November 16, 2012, this court issued an Order denying Plaintiff's motion to compel. (Doc. #100). Plaintiff filed objections to that Order, which are pending before the District Court.

In the instant motion for preliminary injunction, Plaintiff alleges that, on October 23, 2012, "Corrections Officer Kline" conducted a thorough search of his cell, including a "page-by-page search of Plaintiff's legal materials and papers relating to this litigation." (Doc. #98 at 2). Plaintiff asserts that CO Kline informed him that he was searching his legal materials because he had been ordered to search "for an 'alpha index' because the AG's office had demanded that Plaintiff's property be searched and the document located." (*Id.*). Plaintiff alleges that this search was conducted in order to retaliate against him for pursuing his lawsuit against Defendants. (*Id.*). He asks that the court issue a preliminary injunction "enjoining the defendants from engaging in further retaliatory adverse action against Plaintiff." (*Id.* at 7).

In response, Defendants assert that they had no involvement in the decision to search

Plaintiff's cell. (Doc. #101 at 4). Specifically, they state that, although counsel for Defendants forwarded a copy of Plaintiff's motion to compel to a Litigation Specialist at the Michigan Department of Corrections (MDOC) – ostensibly so that this Litigation Specialist could "assist counsel in providing a response" to Plaintiff's motion – that was the extent of Defendants' or Defendants' counsel's involvement in the decision to search Plaintiff's cell. (*Id.*). Moreover, Defendants further assert that Plaintiff should not have been in possession of the "alpha index" (Exhibit 4 to Doc. #93) and that, after the MDOC became aware that Plaintiff was in possession of this document – which was contraband – it had a legitimate penological basis to search Plaintiff's cell. (Doc. #101 at 4-5). As such, Defendants argue that a preliminary injunction is inappropriate.

**B.**     **Analysis**

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *See Planned Parenthood Ass'n v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In deciding whether to grant injunctive relief, the court considers four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without the injunction; (3) whether issuance of the preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *See Jones v. City of* Monroe, 341 F.3d 474, 476 (6th Cir. 2003). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.* A party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Newson v. Steele*, 2009 WL 4730456, at *3 (E.D. Mich. Dec. 8, 2009) (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986)).

As an initial matter, the court believes that Plaintiff's motion for preliminary injunction should be denied because it is wholly unrelated to the underlying claims at issue in this case – namely, Plaintiff's alleged continued exposure to chemical agents in September of 2008. As courts have recognized, preliminary injunctive relief is designed to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Moody v. Bell,* 2009 WL 3011505, at *4 (S.D. Ohio June 26, 2009) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Thus, to prevail on a motion for preliminary injunction, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. *See Moody*, *supra* at *4; *see also Atakpu v. Lawson*, 2006 WL 3803193, at *1-2 (S.D. Ohio Nov. 28, 2006) (the plaintiff prisoner's motion seeking injunctive relief for harassment and retaliation was denied as unrelated to the prisoner's complaint, which alleged denial of his constitutional rights for inadequate medical care; court agreed with the magistrate judge's statement that a "court may not grant a preliminary injunction when the issues raised in the motion are entirely different from those raised in the complaint"). Here, where Corrections Officer Kline's search of Plaintiff's cell on October 23, 2012, has no connection to the subject matter of this lawsuit – Defendants' alleged actions in allowing Plaintiff's continued exposure to chemical agents on September 28, 2012 – there is simply no basis for the issuance of injunctive relief.

Moreover, even if the court were to consider the merits of Plaintiff's motion for preliminary injunction, he has failed to demonstrate that he is entitled to such relief.[1] With respect to the first factor set forth above, Plaintiff has not shown a likelihood of success on the

---

[1] As set forth above, the burden on a plaintiff seeking a preliminary injunction is heavy. Indeed, the Sixth Circuit has said that "the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *See Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

4

merits.  In his motion for preliminary injunction, Plaintiff alleges that Defendants violated his First Amendment rights when they caused his cell to be searched in retaliation for his filing and prosecution of a lawsuit.[2]  (Doc. #98 at 2-3).  In order to succeed on a claim for First Amendment retaliation, Plaintiff must establish that:  (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between the protected conduct and the adverse action.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). However, if Defendants can show that they would have taken the same action in the absence of the protected activity, Plaintiff's claim fails.  *Id.* at 399.

Although Plaintiff alleges that his cell was searched in retaliation for "his pursuit of his claims against these defendants" (Doc. #98 at 3), he has come forward with no evidence of a causal link between the filing and prosecution of his lawsuit, on the one hand, and the search of his cell, on the other.  Indeed, Plaintiff filed his lawsuit against Defendants in 2010, and the alleged retaliation occurred more than two years later, in October 2012.  Such timing belies any inference of a causal link.  Moreover, the individual who allegedly searched Plaintiff's cell – Corrections Officer Kline – is not a defendant in this matter, and Plaintiff has offered no evidence that any of the named defendants played a role in the search at issue.[3]  And, finally, even if Plaintiff could establish causation, Defendants have established, via sworn testimony, that they had a legitimate penological interest in searching Plaintiff's cell once they became

---

[2] It should be noted, however, that Plaintiff has not pled a claim for First Amendment retaliation in his First Amended Complaint.  (Doc. #33).

[3] Affidavits attached to Defendants' response to Plaintiff's motion for preliminary injunction make clear that neither Defendants nor their counsel directed the search of Plaintiff's cell.  (Doc. #101 at Ex. A, B).

aware that he had contraband[4] in his possession. (Doc. #101 at Ex. A, B). Thus, Plaintiff simply cannot establish a likelihood of success on a claim for First Amendment retaliation.

With respect to the second factor, Plaintiff has not even alleged – let alone established – that he has suffered irreparable injury. Indeed, it is unclear what harm (if any) Plaintiff purportedly suffered as a result of the search of his cell, as the contraband was not located. (Doc. #101 at Ex. A, ¶7). Lastly, both the third and fourth factors weigh against granting a preliminary injunction. Courts have held that, in the context of a motion affecting matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. *See Brown v. Unknown Johns*, 2007 WL 851859, at *2 (W.D. Mich. 2007). Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. Thus, the public welfare militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *Id.* (citing *Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing simply has not been made in this case, and, as a result, issuance of a preliminary injunction is unwarranted.

**C.     Conclusion**

For the reasons stated above, **IT IS RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (Doc. #98) be **DENIED**.

Dated: December 21, 2012        s/David R. Grand
Ann Arbor, Michigan             DAVID R. GRAND
                                United States Magistrate Judge

---

[4] Plaintiff also disputes Defendants' contention that the document at issue constitutes "contraband." (Doc. #98 at 4-6). The fact that he has offered evidence that prisoners' names and numbers are displayed on their clothing and outside their cells, however, is irrelevant. Defendants have offered sworn testimony establishing that the document at issue contains not only prisoner names and numbers, but also release codes, transfer dates, and risk factors. (Doc. #101 at Ex. A, ¶5). Thus, Plaintiff's bald assertion that the document is not contraband is insufficient to overcome the evidence to the contrary.

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 21, 2012.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager
