**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STEVEN MIKKO,

       Plaintiff,                    Case No. 2:10-cv-12845
                                            HONORABLE DENISE PAGE HOOD

vs.

TED SMOCK, *et al.*,

       Defendants.
_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION,**
**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**
**and**
**SETTING FINAL PRETRIAL CONFERENCE DATE**

This matter is before the Court on Magistrate Judge David R. Grand's Report and Recommendation filed December 21, 2012. [Doc. No. 104]. To date, no Objections have been filed and the time to file Objections has passed.

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*. In order to preserve the right to appeal the Magistrate Judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs*., 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

After review of the Magistrate Judge's Report and Recommendation, the Court accepts his findings and conclusions of law that Plaintiff has not carried his heavy burden that preliminary injunction should be entered in this case. The Court agrees with the Magistrate Judge that the claims and facts underlying Plaintiff's request for a preliminary injunction are unrelated to the underlying claims in this case, namely, the continued exposure to chemical agents in September of 2008. Corrections Officer Kline's search of Plaintiff's bunk on October 23, 2012 in retaliation to this instant lawsuit are not facts and claims alleged in the case before this Court. Officer Kline is not a named defendant in this case. It may be that Plaintiff's allegations in his Motion for Preliminary Injunction may form a basis for a new case; such claims are not currently before the Court in this case.

Discovery in this case is complete as certified by the Magistrate Judge. The case is ready for trial. The time to file dispositive motions has passed. The parties are to prepare and submit prior to the Final Pretrial Conference a proposed ***JOINT*** Final Pretrial Order, signed by the parties, in the form set forth in Local Rule 16.2. The proposed Joint Final Pretrial Order is not a vehicle for adding claims and defenses. Local Rule 16.2(a). Failure to cooperate in preparing and submitting the proposed Joint Final Pretrial Order may result in dismissal of claims, entry of default judgment, assessing costs and expenses, or any other sanctions the Court deems appropriate. Local Rule 16.2(c).

Accordingly,

IT IS ORDERED that Magistrate Judge David R. Grand's December 21, 2012 Report and Recommendation [**No. 104**] is ACCEPTED and ADOPTED as this Court's findings of facts and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Motion for Preliminary Injunction **[No. 98]** is DENIED.

IT IS FURTHER ORDERED that this matter is set for a Final Pretrial Conference on **May 7, 2013, 3:30 p.m.**  The proposed Joint Final Pretrial Order pursuant to Local Rule 16.2 must be submitted to the Court by **May 1, 2013**. A party proceeding *pro se* is subject to the Federal Rules of Civil Procedure and the Eastern District of Michigan Local Rules (both access available at www.mied.uscourts.gov).

        s/Denise Page Hood  
        Denise Page Hood  
        United States District Judge

Dated:  March 26, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 26, 2013, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry  
        Case Manager