UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN MIKKO,

       Plaintiff,                      Case No. 2:10-cv-12845
                                           HONORABLE DENISE PAGE HOOD

vs.

TED SMOCK, *et al.*,

       Defendants.
_____/

## ORDER REGARDING OBJECTIONS TO MAGISTRATE JUDGE'S ORDERS

**I.    INTRODUCTION**

       This matter is before the Court on Plaintiff Steven Mikko's Objections to three non-dispositive orders entered by the Magistrate Judge. For the reasons set forth below, the Court affirms the Magistrate Judge's Orders.

       The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). Any appeal of or objections to a magistrate judge's order must be made within 14 days of the entry of the order, must specify the part of the order the party objects to, and state the basis for the objection. E.D. Mich. LR 72.1; 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(a). Objections that are only general and are not specific waive the right to appeal. See *Howard v. Secretary of HHS,* 923 F.2d 505, 508-09 (6th Cir. 1991). In a non-dispositive order entered by a magistrate judge, a district judge shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence

is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 398 (1948); *Hagaman v. Commissioner of Internal Revenue,* 958 F.2d 684, 690 (6th Cir. 1992). Rule 72(a) provides considerable deference to the determinations of the magistrate judges. *In re Search Warrants,* 889 F.Supp. 296, 298 (S.D. Ohio 1995). The Magistrate Judge's decision on a dispositive motion will be reviewed *de novo*. 28 U.S.C. § 636(b)(1)(C); *Vogel v. U.S. Office Products Co.,* 258 F.3d 509, 515 (6th Cir. 2001).

## II.     ANALYSIS

### A.     Objection Doc. No. 90 / Expert

The Order denying Plaintiff's Motion for Order to Show Cause Why Expert Witnesses Should not be Appointed by the Court entered by the Magistrate Judge noted that based on the particular factual issues in this case involving deliberate indifference claims under the Eighth Amendment, expert testimony is not required to establish or refute Plaintiff's case. (9/6/12 Order, Doc. No. 96) The Court agrees with the Magistrate Judge that the trier of fact is capable of evaluating Plaintiff's claims without the aid of an expert witness appointed by the Court. Plaintiff has not shown that the Magistrate Judge's ruling is clearly erroneous nor contrary to the law.

### B.     Objection Doc. No. 91 / Medical Records

In its September 19, 2012 Order Denying Plaintiff's Motion to Seal Medical Record or for Protective Order Governing the Use and Dissemination Thereof and Granting Defendants' Motion to Compel Production of the Plaintiff's Medical Records, the Magistrate Judge noted that at the heart of this case is Plaintiff's assertion that Defendants displayed deliberate indifference in allowing his continued exposure to chemical agents and in failing to seek prompt treatment for his serious medical needs. Plaintiff claims that he experienced difficulty breathing, severe coughing, and

abdominal pain, and subsequently was diagnosed with a hernia, which required surgery.  Plaintiff seeks damages for pain and suffering and emotional distress.  (9/19/12 Order, Doc. No. 88)  The Court agrees with the Magistrate Judge that Plaintiff has placed his medical condition at issue.  The medical records are relevant and are subject to discovery under Fed. R. Civ. P. 26(b)(1).  Plaintiff has not shown that the Magistrate Judge's ruling is clearly erroneous nor contrary to the law.

### C.    Objection Doc. No. 102 / LEIN Information

The Magistrate Judge denied Plaintiff's Second Motion to Compel Production of Documents as to Defendants' responses to Requests Nos. 1, 5 and 6.  Plaintiff only objected to the Magistrate Judge's ruling as to Request No. 5 which sought a printout from the Law Enforcement Information Network showing any criminal records of various defendants and witnesses.  Defendants responded that the pursuant to the Policy Directives LEIN information is disclosed only in certain circumstances and that under no circumstances shall the LEIN printout be given to anyone not authorized to receive LEIN information.  Plaintiff has not shown that he is entitled to LEIN information or that Defendants have any control as to the information placed in the LEIN.  The Magistrate Judge did not clearly err in denying Plaintiff's Motion to Compel LEIN information nor was the ruling contrary to the law.

### III.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Magistrate Judge's September 6, 2012 Order Denying Plaintiff's Motion for Order to Show Cause Why Expert Witnesses Should not be Appointed by the Court (Doc. No. 86) is AFFIRMED and Plaintiff's Objection (Doc. No. 90) is OVERRULED.

IT IS FURTHER ORDERED that the Magistrate Judge's September 19, 2012 Order Denying

Plaintiff's Motion to Seal Medical Record or for Protective Order Governing Use and Dissemination Thereof and Granting Defendants' Motion to Compel Production of Plaintiff's Medical Records (Doc. No. 88) is AFFIRMED and Plaintiff's Objection (Doc. No. 91) is OVERRULED.

IT IS FURTHER ORDERED that the Magistrate Judge's November 16, 2012 Order Denying Plaintiff's Second Motion to Compel Production of Documents (Doc. No. 100) is AFFIRMED and Plaintiff's Objection (Doc. No. 102) is OVERRULED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 5, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 5, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager