# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

STEVEN MIKKO,

        Plaintiff,                     Case No. 10-cv-12845
                                        HONORABLE DENISE PAGE HOOD

v.

ESTATE OF TED M. SMOCK
and ANTOINE FAIR,

        Defendants.

_____/

## ORDER REGARDING MOTION FOR SPOLIATION JURY INSTRUCTION AND MOTION FOR JUDICIAL NOTICE

## I.     BACKGROUND

Plaintiff Steven Mikko filed the instant prisoner civil rights action under the Eighth Amendment for acts committed by the two remaining Defendants, Antoine S. Fair and the Estate of Ted M. Smock, while Plaintiff was under their custody.  Mikko has since served his prison time.  Plaintiff has now filed two motions relating to the trial.

The incident at issue occurred on the evening of September 23, 2008 when an inmate at the Standish Correctional Facility in Unit 2, cell 201, Mikko's neighbor, was extracted from his cell. The staff used a chemical agent which Mikko claims seeped into his cell.  Mikko thereafter began coughing, his eyes and nose began running, he vomited, experienced shortness of breath and suffered loss of consciousness twice.  Mikko asserts the Defendants failed to assist him, even after he told them he required assistance.  Mikko was not removed from his cell and, although they indicated they would call a nurse, they did not do anything to help him.

## II.    SPOLIATION JURY INSTRUCTIONS:

Mikko asserts in his motion that the non-party Michigan Department of Corrections (MDOC) failed to preserve the video of the incident at issue on September 23, 2008.  Mikko claims he sent a letter on September 24, 2008 to Inspector Lockwood requesting that the video from two cameras be preserved.  Mikko sent a second letter on September 25, 2008.  Counsel for Plaintiff issued a subpoena for the videos, but the MDOC indicated it could not locate the videos.  Mikko seeks spoliation jury instruction directing the jury to infer a fact based on lost or destroyed evidence.

Defendants respond that they have no control over the videos and that the entity in control, the MDOC, is not a party to this action.  Defendants argue that spoliation instruction should not be given since they have no control over the videos at issue.

Sanctions for spoliation of evidence may be brought under Rule 37(b)(2) of the Rules of Civil Procedures.  "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Forest Labs., Inc. v. Caraco Pharm. Labs., Ltd.,* 2009 WL 998402, at *1 (E.D. Mich. Apr. 14, 2009)(quoting *West v. Goodyear Tire & Rubber Co.,* 167 F.3d 776, 779 (2d Cir. 1999)).  Spoliation is "the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for its destruction."  *Beck v. Haik,* 377 F.3d 624, 641 (6th Cir. 2004)(overruled on other grounds).  The Sixth Circuit, in an *en banc* decision, joined its sister circuits in ruling that spoliation of evidence issue is governed by federal law and is evidentiary in nature.  *Adkins v. Wolever,* 554 F.3d 650, 652 (6th Cir. 2009)(e*n banc)*.  The district court has broad discretion in crafting a proper sanction for spoliation, including dismissing a case, granting summary judgment, or instructing a jury that it may infer a fact based on lost or destroyed evidence.  *Id.* at 652-53.  A proper sanction

2

will serve the purpose of leveling the evidentiary playing field and sanctioning the improper conduct. *Id.* at 652 (quotation omitted). Any adverse inference from spoliation, while not entirely dependent on bad faith, is based on the spoliator's mental state. *Joostberns v. United Parcel Serv., Inc.,* 166 Fed. Appx. 783, 797 (6th Cir. 2006)(citation omitted). The standards of conduct regarding the duty to preserve evidence have evolved in recent years. The Sixth Circuit has required a showing of bad faith to justify an adverse inference from spoliation of evidence. *Tucker v. General Motors Corp.,* 1991 WL 193458, at *2 (6th Cir. Sept. 30, 1991)(unpublished)(A court may not allow an inference that a party destroyed evidence that is in its control, unless the party did so in bad faith.). "When a party is found to have deliberately destroyed evidence that is important to the opposing party's ability to present a claim or defend itself from a claim, the court has the discretion to impose sanctions on the spoliating party." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.,* 2009 WL 1872444 (6th Cir. Jun. 30, 2009)(unpublished).

In this case, Mikko has not alleged in his motion that any spoliation of the evidence was made in bad faith as to the party-Defendants Fair and Smock. The MDOC is not a party to this action. Although the MDOC is the Defendants' employer, there are no allegations that these two remaining Defendants had anything to do with the video or any connection as to how these videos came up missing, if missing at all. There is also no facts shown that the MDOC destroyed the missing evidence in order to protect its employees. It is true that a litigant has the duty to preserve evidence; however, at the time Mikko sent letters to Inspector Lockwood in 2008, immediately after the incident, there was no cause of action filed at that time. The court may not allow an inference that a party destroyed evidence at trial unless the moving party can show that the alleged spoliating party in bad faith destroyed such evidence.

The Court will allow testimony regarding the video tapes and the Defendants' knowledge as to these videos.  However, the Court will not give the spoliation instruction since Mikko has not shown bad faith by the Defendants Fair and Smock in this case, nor has he shown that they "asked" the MDOC to destroy the videos.  The Motion for Spoliation Jury Instruction is denied.

**III.   JUDICIAL NOTICE**

Mikko seeks judicial notice of a Fact Sheet found on the Center for Disease Control's "Fact Sheet" regarding riot control agents.  At trial, the parties agreed the information will be presented to the jury.

**IV.   CONCLUSION**

For the reasons set forth above,

IT IS ORDERED Plaintiff's Motion for Spoliation Jury Instruction (**Doc. No. 124**) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Judicial Notice of CDC Material (**Doc. No. 125**) is MOOT, the parties having agreed to present the materials to the jury.


S/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: November 25, 2013


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 25, 2013, by electronic means and/or ordinary mail.

s/Holly Monda for LaShawn Saulsberry
Case Manager

4