UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN MIKKO,

    Plaintiff,

v.

TED M. SMOCK, et al.,

    Defendant.

_____/

Case No. 10-12845

HON. DENISE PAGE HOOD

## ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL

**I.  BACKGROUND**

    This matter is before the Court on Plaintiff Steven Mikko's Motion for New Trial. Response and reply briefs have been filed. The jury trial began on November 19, 2013 as to the remaining Defendants Ted M. Smock and Antoine S. Fair. A verdict was rendered on November 21, 2013, the jury finding a no cause of action in favor of Defendants and against Plaintiff. (Verdict Form, Doc. No. 133) On December 23, 2013, Plaintiff filed the instant Motion for New Trial.

**II.  ANALYSIS**

    **A.  Motion for New Trial**

    Plaintiff argues that under Rule 59 of the Civil Rules of Procedure, he is entitled a new trial because the jury's finding that he did not suffer a serious medical need was

not supported by the evidence presented at trial. Plaintiff claims that the great weight of the evidence at trial established that he had a serious medical need after begin exposed to a chemical agent in his cell on September 23, 2008.

Defendants respond that a new trial is not required since the jury chose to believe Defendants' version of what occurred on September 23, 2008. Defendants claim that they presented a significant amount of evidence to support their claim that Plaintiff did not suffer from a serious medical need. Defendants request that the jury's verdict should not be disturbed.

Rule 59 provides that a new trial may be granted to all or any of the parties and on all or part of the issues for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States. Fed. R. Civ. P. 59(a)(1). Specific grounds for new trial have included: the verdict is against the weight of the evidence; the damages are excessive; for other reasons the trial was not fair; there were substantial errors in the admission or rejection of evidence; the giving or refusal of instructions were in error; and misconduct of counsel. *Clark v. Esser*, 907 F.Supp. 1069, 1073 (E.D. Mich. 1995); *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749 (6th Cir. 1980); *Static Control Components, Inc. v. Lexmark Int'l, Inc.,* 697 F.3d 387, 414 (6th Cir. 2012). The grant or denial of a new trial is purely within the discretion of the trial court and will not be reversed except upon a showing

of abuse of discretion. *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989). The trial court has broad discretion in deciding a motion for a new trial to prevent a miscarriage of justice. *Clark*, 907 F.Supp. at 1073; *City of Cleveland*, 624 F.2d at 756; *Fryman v. Federal Crop Ins. Corp.*, 936 F.2d 244, 248 (6th Cir. 1991).

In considering a motion for new trial on the ground that the verdict is against the weight of the evidence, the court cannot set aside the verdict simply because it believes another outcome is more justified. *Denhof v. City of Grand Rapids,* 494 F.3d 534, 543-44 (6th Cir. 2007). The court must accept the jury's verdict and can only overturn the verdict if the verdict was against the weight of the evidence and the jury verdict was unreasonable. *Id.* Courts are not free to reweigh the evidence and set aside the jury verdicts merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable. *Bruner v. Dunaway,* 684 F.2d 422, 425 (6th Cir. 1982).

Plaintiff claims his testimony, by way of video deposition, was that when the chemical agent was disbursed in the cell next to him, it had an instant impact on him. He testified that he started coughing, his eyes started running, his rose started burning and running, and his coughing wracked his body. (Doc. No. 132, Pg ID 808) Plaintiff asserts that he had vomited and there was mucous on his face and shirt. (*Id.*) Plaintiff further testified that he asked for a nurse from Defendants. (*Id.* at 809) Plaintiff

asserts that Defendant Fair acknowledged in his testimony, also by way of a video deposition, that Plaintiff had told him he was having shortness of breath and was feeling a little dizzy. (Doc. No. 131, Pg ID 796)

Plaintiff was later taken to the nurse by Sergeant Berthiaume for medical treatment. (Doc. No. 130, Pg ID 786) The nurse's medical note indicates that Plaintiff was wheezing and was administered a breathing treatment. (Trial Ex. 11) After the breathing treatment, the nurse indicated Plaintiff was still unable to take a deep breath, but was better. (*Id.*) Plaintiff was returned to his cell, but within three or four hours, he began coughing again and was having trouble taking a normal breath. (Doc. No. 132, Pg ID 810) The nurse had left by then and Sergeant Berthiaume gave Plaintiff some over the counter medication for his headache. (*Id.*) Plaintiff testified that he continued to experience severe coughing, his head was pounding, his eyes were still burning, his nose was still running and his whole body ached from the coughing. (*Id.*) Plaintiff testified that he was coughing severely for two to three weeks, but the cough was less severe after a couple of months. (*Id.* at 815) Plaintiff was thereafter diagnosed with an inguinal hernia, which was surgically repaired on March 7, 2009. (Stipulation of Facts, ¶ 6)

Plaintiff claims that the only testimony contradicting Plaintiff's testimony as to his medical needs was the testimony of Sergeant Berthiaume who testified on cross-

examination that he could not recall the factual events of that night. (Doc. No. 130, Pg ID 786, 788) Plaintiff argues that this leaves only Plaintiff's testimony that he suffered a serious medical need and that the jury's finding that he did not suffer a serious medical need was against the great weight of the evidence.

Defendants respond that Defendant Fair testified that when he encountered Plaintiff, he did not see any mucous, vomit, or blood on him, nor any cut on Plaintiff's face. (Doc. No. 131, Pg ID 797) Defendant Fair only testified that he observed some redness on Plaintiff's face, but that he did not observe Plaintiff in any form of distress. (*Id.*) Sergeant Berthiaume testified that there was nothing in the log book to indicate that Plaintiff suffered from anything other than shortness of breath. (Doc. No. 130, Pg ID 787) Defendants claim that on cross-examination, Plaintiff confirmed that the nurse's notes did not mention any vomit or mucous on his shirt or any knot on his head. (Doc. No. 132, Pg ID 817) Defendants assert that the nurse who observed Plaintiff on September 24, 2008 indicated in her progress notes, as acknowledged by Plaintiff on cross-examination, that Plaintiff had no complaints and was resting comfortably. (Doc. No. 132, Pg ID 818)

At trial, the Court instructed the jury as to the law, including what constitutes a serious medical need, and how to view the evidence and testimony presented at trial. Plaintiff raises no issue regarding the Court's instructions to the jury. The jury

listened and observed the testimonies of Plaintiff and Defendants' witnesses, in addition to medical and prison documents relating to Plaintiff's medical condition and the incident at issue. The jury was able to observe the demeanor of the various individuals, albeit some by way of video testimony. There was sufficient evidence to support the jury's finding that Plaintiff did not suffer any serious medical needs. It is within the jury's purview to weigh the evidence and judge the credibility of the witnesses. The Court cannot reweigh the evidence or substitute its decision for that of the jury when there is evidence upon which reasonable minds could differ. The jury's verdict that Plaintiff failed to carry his burden that he suffered a serious medical need was not against the great weight of the evidence presented at trial. The Court finds that the jury's verdict was not unreasonable. Plaintiff's Motion for New Trial must be denied.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion for New Trial **[Doc. No. 138]** is DENIED.

                                      S/Denise Page Hood
                                      Denise Page Hood
                                      United States District Judge

Dated: September 30, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2014, by electronic and/or ordinary mail.

                              S/LaShawn R. Saulsberry
                              Case Manager